# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **SHEREASE MCKINNEY,** | ] |
| **Plaintiff,** | ] |
| | ] **2:21-cv-01184-ACA** |
| v. | ] |
| **BENJAMIN SCOTT,** | ] |
| **Defendant.** | ] |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Benjamin Scott's motion to dismiss *pro se* Plaintiff Sherease McKinney's complaint for insufficient service of process. (Doc. 11). Because Ms. McKinney failed to serve Defendant Scott in accordance with the requirements set forth in the Federal Rules of Civil Procedure, the court **GRANTS** the motion and **DISMISSES** Ms. McKinney's complaint **WITHOUT PREJUDICE**.

   **I.   BACKGROUND**

Ms. McKinney filed this complaint on August 27, 2021. (Doc. 1). Ms. McKinney failed to serve Mr. Scott within 90 days of filing her complaint, at which point the court ordered Ms. McKinney to show cause as to why her case should not be dismissed for failure to prosecute. (Doc. 4). Ms. McKinney responded that she did not realize weekends counted towards the 90 days for service and

indicated that she had begun the process of serving Mr. Scott. (Doc. 5). The court then extended Ms. McKinney's deadline to serve until January 13, 2022. (Doc. 6).

On January 7, 2022, Ms. McKinney filed a document with the court stating that she served Mr. Scott via certified mail on December 6, 2021 at Brookdale Senior Living ("Brookdale") in Brentwood, Tennessee. (Doc. 7). Included with this filing was a Certified Tracking Number. (*Id.*). However, court staff could not verify delivery with the number Ms. McKinney provided, and accordingly the court ordered Ms. McKinney to provide additional proof of service. (Doc. 8).

Ms. McKinney then filed a document that included tracking receipts reflecting the summons and complaint were sent to Mr. Scott's employer via first class mail on December 3, 2021 and via certified mail on January 16, 2022. (Doc. 9 at 4). However, Ms. McKinney did not file a completed Green Card to establish proof of service, and the court once again ordered Ms. McKinney to further supplement her proof of service. (Doc. 10).

Before Ms. McKinney responded to this most recent order, Mr. Scott filed a motion to dismiss the case for insufficient service. (Doc. 11). At Ms. McKinney's request, the court then issued an alias summons. (Doc. 18). After briefing was completed (docs. 13, 16), the case was reassigned to the undersigned (doc. 19). On March 3, 2022, the alias summons was returned to the court unexecuted. (Doc. 20).

II. **DISCUSSION**

A defendant may move to dismiss a complaint for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).  Federal Rule of Civil Procedure 4(e) permits service by several methods.  A plaintiff may serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  A plaintiff may also serve individual defendant by: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e)(2)(A)–(C).

Mr. Scott argues that service is insufficient because Ms. McKinney mailed the summons and complaint to Mr. Scott's employer rather than serve Mr. Scott through one of the acceptable methods set out in Rule 4(e).  (Doc. 11).  In response, Ms. McKinney states that she has mailed the summons and complaint to Brookdale Senior Living four times.  (Doc. 13 at 2).  She states that she is unable to send the summons and complaint to Mr. Scott's home, as she does not have Mr. Scott's home address.  (*Id.*).

The court agrees with Mr. Scott that service in this case is insufficient.  Mailing a summons and complaint to a defendant's place of employment is not a

permissible form of service under Federal, Alabama, or Tennessee Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(e); Ala. R. Civ. P. 4(c)(1); Tenn. R. Civ. P. 4.04(1). And even if it were, service would be insufficient because Ms. McKinney mailed the summons and complaint to Brookdale's corporate headquarters. (Doc. 11 at 3). She did not send the summons and complaint to the Brookdale location where Mr. Scott physically works.[1] (*Id.*).

The court acknowledges that Ms. McKinney is a *pro se* plaintiff. However, pro se litigants are still "required . . . to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Regardless of whether Ms. McKinney put forth substantial effort in serving Mr. Scott, none of her methods succeeded in properly serving the summons and complaint.

Accordingly, the court **GRANTS** Mr. Scott's motion and **DISMISSES** this case **WITHOUT PREJUDICE**.

**DONE** and **ORDERED** this March 9, 2022.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

---

[1] Ms. McKinney's complaint attempts to state a claim for individual liability against Mr. Scott under Title VII. But such claims are not recognized in the Eleventh Circuit. *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("Individual capacity suits under Title VII are . . . inappropriate. The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act.") (emphasis in original).